CASE 44—ACTION TO DISCHARGE AN EXECUTION LEVY—OCT. 31.

# Newman v. Mantle.

APPEAL FROM BALLARD CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.   REVERSED.

EXECUTION—BAILMENT—RIGHT OF OFFICER TO DEPRIVE BAILEE OF POS-
SESSION.

Held:   After mortgaged property has been surrendered to the mort-
gagee to sell in satisfaction of the debt, it can not be taken from
his possession under execution against the mortgagor; he being
a bailee with a beneficial interest.

BUGG & WICKLIFFE, ATTORNEYS FOR APPELLANT.

1. Newman was surety for Stapp on a note, and Stapp gave him a
mortgage on the property in contest, as indemnity.   In 1896
Stapp sold and delivered to Newman said mortgaged property,
in consideration of which Newman canceled and surrendered
said mortgage.   After this sale, appellee levied an execution on
said property to pay a judgment in his favor against Stapp.
The sale to Newman being in good faith and in payment of the
mortgage debt, we are unable to see how the trial judge held the
property subject to said levy.

J. M. NICHOLS & SON, FOR APPELLEE.

1. Appellee in his answer to plaintiff's petition claiming the property
in contest, alleges that the claim of plaintiff is fraudulent and
that if he made any contract of purchase of said property it was
done to cover up and prevent the sale of same to pay the honest
debts of L. O. Stapp, who is the real owner thereof.   *There is no*
*reply to this answer* and at the conclusion of the plaintiff's evi-
dence the court gave a peremptory instruction to find for ap-
pellee.

2. The appellant alleged in his petition that he was the owner and
in the possession of this property.   This was denied, and this
he must show or he fails.   Whitehead v. Root, 2 Met., 588; Ev-
ans v. Stone, 80 Ky., 78; Civil Code, secs. 126, 645, 650.

Newman v. Mantle.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

L. O. Stapp and W. S. Cooper on September 19, 1894, executed to appellant, D. P. Newman, a mortgage on the personal property here in contest, to secure him as their surety in a note for $300. On February 17, 1896, by a written agreement, Newman assumed the payment of the note on which he was surety, secured by the mortgage, in consideration of which Stapp and Cooper transferred and delivered to him the mortgaged property; he accepting it in full satisfaction of the mortgage. The property was then delivered to Eve Stapp, a third party, as agent of appellant, under an arrangement that he should sell it, and apply the proceeds to the payment of the note, and, if there was any balance, pay that to Stapp and Cooper. After all this had been done, appellee, Mantle, in April, 1896, caused an execution to be issued in his favor against L. O. Stapp, and had it levied on the property. Appellant executed a claimant's bond, and suspended the sale under the execution. He then filed this proceeding, alleging that he was the owner of the property, and praying the discharge of the levy, and for judgment against appellee, and all proper relief. Appellee filed an answer in which he denied appellant's title to the property, and pleaded that, if appellant had made any purchase of the property, it was done to cover it up from Stapp's debts, and that Stapp was the true owner of it. The case was submitted to a jury, and appellant, having proven the above facts, rested his case. Appellee then moved the court to instruct the jury peremptorily to find for him, which was done; and, appellant's motion for a new trial having been overruled, he has appealed.

It is insisted that the peremptory instruction was proper, because there was no reply to appellee's answer, and

that the affirmative allegation in it stood admitted. But it was alleged in the petition that appellant was the absolute owner of the property and in possession of it prior to the issuing of the execution, and that L. O. Stapp, the defendant in the execution, had no interest whatever in the property, or any part of it. The affirmative allegations of the answer were in effect only a traverse of these allegations of the petition, and a reply was unnecessary. It is also insisted that the instruction was proper because the proof showed that appellant was not the absolute owner of the property, but Stapp had an interest in it, as the surplus, if any, arising from the sale of it after the payment of the note was to be paid to Stapp and Cooper. While mortgaged property may be sold under execution subject to the mortgage, it does not follow that it may be seized and taken from the mortgagee after it has been surrendered to him to sell in satisfaction of it. He then is more than a mortgagee, and stands as a bailee as to the surplus over and above the mortgage debt. His possession is rightful, and, being acquired before the issuance of the execution, can not be disturbed under it. In Freem. Ex'ns, section 120, the rule is thus stated: "The only obstacle to the sale of pledged property under execution against the pledgor is that, the pledgee being entitled to the possession, the officer has no right to seize upon the property in violation of the rights of the pledgee." Again, in section 121 it is said that property held by a bailee may sometimes be levied on, but it is added: "When the contract of bailment is such as to give the bailee some beneficial interest in the property, the case is different. An officer acting under an execution can not by his levy obtain or transfer any greater interest in the property than was

possessed by the defendant at the time of the levy. Hence, if a bailee has, as against the owner, the right to retain possession of the property for a specified time, he has the same right as against an officer proceeding under a writ against the owner. The officer can not, in such a case, lawfully seize the property." In this case, pending the action in the lower court, the property was, by consent of parties, sold by the sheriff; the proceeds of the sale to be held subject to the result of the litigation.

On the facts shown, appellant is entitled to the proceeds of the property, to the extent of his mortgage debt. Judgment reversed, and cause remanded for a new trial and further proceedings consistent with this opinion.